UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES, | No. 2:24-cv-0787 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 6. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint[2]

The complaint alleges that defendants California Department of Corrections and

---

[2] Plaintiff filed both a criminal and civil complaint in this case. ECF No. 1 at 1-4, 11-25. In each he states his claims against the named defendants based on events that occurred at California Health Correctional Facility ("CHCF") from January 22, 2024, to February 23, 2024. Because it appears plaintiff submitted both complaints because he was unsure which to file, for purposes of screening all the allegations contained in these documents are considered part of the civil rights complaint. Only prosecutors, not private persons, can bring criminal charges.

Rehabilitation ("CDCR"), Moreno, Buzo, Cabalero, Hentschel, and all employees at the California Health Care Facility ("CHCF") violated plaintiff's rights under several California regulations, the California Constitution, and the United States Constitution. ECF No. 1. Specifically, plaintiff alleges that on January 22, 2024, defendant Buzo threatened to give him a rules violation report ("RVR") if he did not move to a dorm cell so that another prisoner could use plaintiff's ADA wheelchair cell. Id. at 3, 14. When plaintiff refused and submitted a CDCR 1824 form requesting a reasonable accommodation and a health care grievance form to ensure his continued assignment to an ADA wheelchair cell, defendants Buzo, Cabalero, and Moreno conspired and retaliated against him. Id. at 3, 4, 14-17.

Plaintiff alleges that, on January 31, 2024, during a confidential court call, defendant Cabalero refused to leave the room, despite plaintiff advising her that it was a confidential call and having previously objected to her presence on the same basis. Id. at 3, 14, 15. On February 7, 2024, defendant Moreno summoned plaintiff in an aggravating, aggressive, and loud tone; shoved an incorrect Disability Accommodation Summary form at him indicating he is a temporary wheelchair user rather than a permanent wheelchair user; ignored his response that the form was incorrect; refused to receive documents from plaintiff showing he was a permanent wheelchair user after the incorrect form was given to him; and referenced a CDCR 1824 form, which is a medical form, that she should not have because it's confidential. Id. at 4, 15, 16; see also Id. at 33 (grievance alleging Moreno violated plaintiff's rights under HIPAA).

On February 12, 2024, in front of defendants Cabalero, Buzo, and Hentschel, plaintiff's primary care physician confirmed his Disability Accommodation Summary Form was incorrect and that plaintiff is a permanent, not temporary, wheelchair user. Id. at 4, 16. The next day, Hentschel, escorted by Buzo, had Buzo confiscate plaintiff's walker, which plaintiff alleges was given to him to exercise his legs. Id. at 16, 18. On February 21, 2024, defendant Moreno referenced two other CDCR 1824 forms, which she should not have, and two days later she ordered another staff member to yell at plaintiff to keep moving on the walkway when he stopped to catch his breath while pushing his wheelchair. Id. at 4, 16, 17.

By way of relief, plaintiff seeks declaratory, injunctive, and monetary relief.

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), and drawing all inferences in the plaintiff's favor, the court finds that for screening purposes plaintiff sufficiently states an Eighth Amendment deliberate indifference claim to his health and safety against defendant Hentschel. It can be reasonably inferred from plaintiff's allegations that Hentschel was aware that plaintiff needed the walker for exercise or even to get to and from the toilet, but nevertheless confiscated the walker after plaintiff complained about his incorrect disability designation. Also, although plaintiff does not appear to be making an Americans with Disabilities ("ADA") Title II claim based on exclusion from participation in or denial of the benefits of CDCR's or CHCF's services, programs, or activities, he does allege Title II retaliation against CDCR and CHCF based on defendant Hentschel's alleged conduct, and Title V retaliation against defendant Hentschel. The latter claims are adequate to proceed.

### IV. Failure to State a Claim

The allegations in the complaint are not sufficient to state the following: § 1983 claims against CDCR and CHCF; § 1983 claims against any defendant based on state law and/or state regulations; claims against "all employees" of CHCF; First Amendment retaliation claims against all defendants; ADA retaliation or Eighth Amendment claims against Cabalero, Buzo, or Moreno; Fourteenth Amendment Equal Protection Clause or Due Process Clause claims against all defendants; a Health Insurance Portability and Accountability Act ("HIPAA") violation claim against Moreno; or conspiracy claims against all defendants.

CDCR and CHCF are not "person[s]" for purposes of § 1983 liability and the Eleventh Amendment bars suits against them. Section 1983 claims based on alleged violations of state laws and/or regulations are not cognizable because § 1983 claims must be based on violations of federal constitutional rights, not state rights.

Plaintiff cannot make a blanket claim against "all employees" of CHCF. To state a § 1983 claim against any CHCF employee he must alleged what *each* CHCF employee did or did not do to violate his rights, which he has not done.

Plaintiff also fails to allege that he was engaged in First Amendment protected conduct

4

and that any of the defendants' adverse actions were because of plaintiff's participation in protected conduct. Unlike filing a grievance or complaint, which is First Amendment protected conduct, filing a reasonable accommodation request is not. And although plaintiff claims he filed CDCR 602 grievances on February 1st and 24th, he does not state the content of those grievances to allow the court to infer whether any conduct by defendants was retaliatory. Instead, he claims to have attach copies of these grievances. However, the court does not see any grievances dated February 1, 2024, and any grievance filed on or after February 24, which is after the alleged unlawful conduct by any defendant, with no subsequent alleged misconduct, would not support a retaliation claim. See ECF No. 1 at 29 (received by CDCR March 5, 2024), 32-33 (submitted by plaintiff February 24, 2024), 42 (received by CDCR February 5, 6, or 8; stamp partially illegible).[3] Moreover, the only adverse action alleged is the confiscation of plaintiff's walker, however the confiscation is not connected to any First Amendment protected conduct.

With respect to ADA retaliation, plaintiff has not alleged any facts to infer he was engaged in protected activity under the ADA, such as asserting his rights under the ADA, and that as a result defendants Cabalero and/or Moreno took adverse actions against him. In fact, plaintiff fails to allege any adverse actions by defendants Cabalero and Moreno. Moreover, even if the court construed Cabalero's refusal to leave during plaintiff's confidential court hearing an adverse action, plaintiff does not allege that Cabalero's refusal had anything to do with plaintiff engaging in any protected activity under the ADA, especially where his requests for accommodations were submitted after this incident. As for an ADA retaliation claim against defendant Buzo, plaintiff defeats his own claim. Plaintiff alleges that Buzo confiscated his walker (i.e. took an adverse action) *because* medical directed him to, not because plaintiff refused to give up his ADA

---

[3] The court notes that although it reviewed the exhibits attached to the complaint as a one-time courtesy, it is not the duty of the court to look through the attached exhibits to determine whether they contain additional facts that would support a cognizable claim under § 1983. Rather, the court looks to the factual allegations contained in the *complaint* to determine whether plaintiff has stated a cognizable claim for relief. If plaintiff elects to amend the complaint, he is discouraged from including attachments (e.g. letters, grievances, responses, declarations from others, etc.) to the complaint. Instead, plaintiff should use this district's complaint form and focus on explaining to the court what each defendant did that he believes violated his rights.

wheelchair cell or because plaintiff engaged in any other ADA protected conduct.

Plaintiff fails to state Eighth Amendment claims against Buzo, Cabalero, and Moreno because he has not alleged that they delayed or denied him medical care or treatment for a "serious medical need" or that he was otherwise deprived of a sufficiently serious deprivation, and that they did so with the requisite culpable state of mind. Mere threats and/or yelling and false disciplinaries are insufficient to state an Eighth Amendment claim. And although Buzo's confiscation of plaintiff's walker could be denial of treatment, to the extent the walker was part of plaintiff's treatment plan, Buzo lacked the requisite state of mind because he took the walker at the direction of medical.

Plaintiff fails to state a Fourteenth Amendment claim against any defendant based on race because he offers nothing but superficial and conclusory allegations that defendants discriminated against him based on race. To the extent plaintiff attempts to make a Fourteenth Amendment claim based on disability discrimination, such claim fails because disabled persons are not a suspect class for equal protection purposes, and plaintiff has not alleged facts suggesting that similarly situated individuals were intentionally treated differently with no legitimate government purpose.

Plaintiff also fails to state a Fourteenth Amendment due process claim. A claim regarding the conditions of his confinement is properly raised under the Eighth Amendment, rather than the Fourteenth Amendment, and has been addressed above. Additionally, to the extent plaintiff is attempting to allege his property (walker) was taken intentionally and without authorization, such claim is not cognizable under the Fourteenth Amendment Due Process Clause because California law provides an adequate post-deprivation remedy.

It is not entirely clear, but it appears plaintiff may be attempting to state a Health Insurance Portability and Accountability Act ("HIPAA") violation against Moreno. However, there is no private right of action to enforce HIPAA or seek relief for HIPAA violations.

Lastly, plaintiff's conclusory allegations that defendants conspired to violate his rights are insufficient. Also, a conspiracy requires two or more people but, as noted in the prior section, plaintiff has only stated a constitutional claim against one defendant.

It appears to the court that plaintiff may be able to allege facts to fix *some* of these problems. Therefore, plaintiff has the option of filing an amended complaint.

V.     Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants CDCR, CHCF, and Hentschel on his ADA retaliation claim and Eighth Amendment deliberate indifference to health and safety claim against Hentschel. By choosing this option, plaintiff will be agreeing to voluntarily dismiss: § 1983 claims against CDCR and CHCF; § 1983 claims against all defendants based on state law and/or state regulations; claims against "all employees" of CHCF; First Amendment retaliation claims against all defendants; ADA retaliation or Eighth Amendment claims against Cabalero, Buzo, or Moreno; Fourteenth Amendment Equal Protection Clause or Due Process Clause claims against all defendants; a Health Insurance Portability and Accountability Act ("HIPAA") violation claim against Moreno; and conspiracy claims against all defendants. The court will proceed to immediately serve the complaint and order a response from defendants CDCR, CHCF, and Hentschel.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV regarding his First, Eighth, and Fourteenth Amendment claims, as well as his conspiracy and ADA retaliation claims against Buzo, Cabalero, and Moreno. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated retaliation claims under the ADA against CDCR, CHCF, and Hentschel, and an Eighth Amendment claim against Hentschel. You have not stated any other claims against these defendants or any claims against defendants Buzo, Cabalero, and Moreno.

You have a choice to make. You may either (1) proceed immediately on your ADA retaliation claim against CDCD, CHCF, and Hentschel, and Eighth Amendment claim against Hentschel and voluntarily dismiss the other claims; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff fails to state § 1983 claims against CDCR and CHCF; § 1983 claims against all defedants based on state law and/or state regulations; any claims against "all employees" of CHCF; First Amendment retaliation claims against all defendants; ADA retaliation or Eighth Amendment claims against Cabalero, Buzo, or Moreno; Fourteenth Amendment Equal Protection Clause or Due Process Clause claims against all defendants; a Health Insurance Portability and Accountability Act ("HIPAA") violation claim against Moreno; and conspiracy claims against all defendants.

4. Plaintiff has the option to proceed immediately on his ADA retaliation claim against defendants CDDR, CHCF, and Hentschel, and an Eighth Amendment claim against Hentschel as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of § 1983

8

claims against CDCR and CHCF; § 1983 claims against all defendants based on state law and/or state regulations; claims against "all employees" of CHCF; First Amendment retaliation claims against all defendants; ADA retaliation or Eighth Amendment claims against Cabalero, Buzo, or Moreno; Fourteenth Amendment Equal Protection Clause or Due Process Clause claims against all defendants; a Health Insurance Portability and Accountability Act ("HIPAA") violation claim against Moreno; and conspiracy claims against all defendants.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district. If plaintiff files an amended complaint, he is directed to use this district's form to do so.

DATED: May 2, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | No. 2:24-cv-0787 TLN AC P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_ Plaintiff wants to proceed immediately on his ADA retaliation claim against defendants CDCR, CHCF, and Hentschel, and an Eighth Amendment claim against Hentschel without amending the complaint.  Plaintiff understands that by choosing this option, the § 1983 claims against CDCR and CHCF; § 1983 claims against all defendants based on state law and/or state regulations; claims against "all employees" of CHCF; First Amendment retaliation claims against all defendants; ADA retaliation or Eighth Amendment claims against Cabalero, Buzo, or Moreno; Fourteenth Amendment Equal Protection Clause or Due Process Clause claims against all defendants; a Health Insurance Portability and Accountability Act ("HIPAA") violation claim against Moreno; and conspiracy claims against all defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____    _____
                                                                                        Eddie Jones
                                                                                        Plaintiff pro se

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) *a violation of rights protected by the Constitution or created by federal statute,* (2)

proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

An officer's violation of state laws and/or regulations is not grounds for a § 1983 claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")). Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

   B. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   C. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

2

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Harm that "would chill a 'person of ordinary firmness' from complaining" is sufficient to find an "adverse action." Shepard v. Quillen, 840 F.3d 686, 691 (9th Cir. 2016) (quoting Rhodes, 408 F.3d at 569) (placement in administrative segregation or even threat to do so on its own amounts to adverse action satisfying the first element). The mere threat of harm can be a sufficiently adverse action to support a retaliation claim. Id. at 688-89.

D. Eighth Amendment - Deliberate Indifference

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Allegations that a plaintiff "was yelled at by prison officials [is] not objectively serious enough to rise to a constitutional claim." Taggart v. MacDonald, 131 Fed. App'x 544, 546 (9th Cir. 2005); Snowden v. Tate, No. 1:19-cv-0843 AWI CDB (PC), 2022 WL 14746828, at *10, 2022 U.S. Dist. LEXIS 194124, at *27 (E.D. Cal. Oct. 25, 2022) (verbal harassment or abuse, such as "yelling at a patient may be rude but does not show deliberate indifference" (citation omitted)).

////

////

3

E.   Eighth Amendment – False Disciplinaries

"The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-1747 LJO DLB, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citations omitted), adopted by 2013 WL 3744408, 2013 U.S. Dist. LEXIS 98595; Jones v. Prater, No. 2:10-cv-01381 JAM KJN, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff." (citation omitted)).

F.   Eighth Amendment – Deliberate Indifference to Medical Care

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

4

indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

      G.   Eleventh Amendment – Sovereign Immunity

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983).

The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their

official capacities. Will, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

### H.  Fourteenth Amendment – Due Process Clause

The Fourteenth Amendment prohibits the state deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To warrant protection under this clause, a plaintiff must establish that their life, liberty, or property interest is at stake. Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993).

"[I]f a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272, n.7 (1997)).

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).

### I.  Fourteenth Amendment – Equal Protection Clause

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "'[T]he disabled do not constitute a suspect class' for equal protection purposes," Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir.

1996)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### J. Americans with Disabilities Act ("ADA") – Retaliation

To state a claim for retaliation under the ADA, "a plaintiff must make out a prima facie case '(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two.'" T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 472-73 (9th Cir. 2015) (quoting Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012)). "Pursuing one's rights under the ADA constitutes a protected activity." Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 850 (9th Cir. 2004) (citations omitted). "[T]he standard for the 'causal link' is but-for causation," T.B. ex rel. Brenneise, 806 F.3d at 473 (citations omitted), and proximity in time can support an inference of retaliatory intent, Pardi, 389 F.3d at 850 (citing Bell v. Clackamas County, 341 F.3d 858, 865-66 (9th Cir. 2003)).

### K. Health Insurance Portability and Accountability Act ("HIPAA")

The Ninth Circuit has definitively declared "HIPAA itself provides no private right of action." Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have explicitly found that HIPAA cannot be enforced through Section 1983. Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); Sneed v. Pan Am Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983").

### L. Conspiracy

Conclusory allegations of conspiracy are not enough to support a section 1983 conspiracy claim. Burns v. Cnty. Of King, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). To state a claim for conspiracy under § 1983, plaintiff must alleged the existence of an agreement or meeting of

1 | the minds to violate plaintiff's constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir.
2 | 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his
3 | constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071
4 | (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th
5 | Cir. 1989)); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) ("Conspiracy is
6 | not itself a constitutional tort under § 1983 . . . there must always be an underlying constitutional
7 | violation.").
8 |     "'To be liable, each participant in the conspiracy need not know the exact details of the
9 | plan, but each participant must at least share the common objective of the conspiracy.'" Franklin,
10 | 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539,
11 | 1541 (9th Cir. 1989)). Additionally, plaintiff must show that defendants "conspired or acted
12 | jointly in concert and that some overt act [was] done in furtherance of the conspiracy." Sykes v.
13 | State of California, 497 F.2d 197, 200 (9th Cir. 1974).